UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelvin J. Miles, | Case No. 21-cv-957 (JRT/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Kelvin J. Miles's Petition for Writ of Habeas Corpus ("Petition"). [Docket No. 1].

In an Order dated April 26, 2021, this Court ordered Petitioner Kelvin J. Miles to show cause why his Petition for a writ of habeas corpus should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] (See, Order [Docket No. 4]). In its April 26, 2021, Order, this Court highlighted two bases upon which the present habeas Petition appeared to warrant dismissal, and those reasons for dismissal continue to exist at this time.

First, a petitioner seeking habeas corpus relief under § 2241 generally must first exhaust available administrative remedies. See, e.g., Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009). There is no indication from the habeas Petition, [Docket No. 1], that Petitioner had first presented his claim for relief to the Federal Bureau of Prisons for an administrative determination.

---

[1] Petitioner's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. See, Rule 1(b).

Notably, although Petitioner was given an opportunity to inform the Court whether or not he had exhausted his administrative remedies, Petitioner failed to even attempt to demonstrate that he had exhausted his administrative remedies.

Second, Petitioner seeks relief pursuant to Section 24-403.01a of the District of Columbia Code, which altered the amount of good-time credit for which individuals convicted of felony offenses committed prior to August 5, 2000. For individuals convicted of offenses committed prior to June 22, 1994, however, the retroactive award of additional good time credit applies only to the mandatory-minimum portion of the sentence imposed. See, D.C. Code § 24-403.01a(b). The offense for which Petitioner was convicted occurred on September 18, 1979, and from the Petition, it appears that a mandatory-minimum term did not apply to Petitioner's sentence. See, Miles v. Birkholz, No. 19-CV-0884 (ECT/ECW), 2020 WL 1191015, at *1 (D. Minn. Jan. 24, 2020). Accordingly, it does not appear that § 24-403.01a provides Petitioner with a basis for habeas relief.

Petitioner was given thirty days from the date of this Court's April 26, 2021, Order to submit his response to the Order to show cause. Petitioner was forewarned that if he failed to comply with this Court's directive, it would be recommended that this matter be dismissed without prejudice for failure to prosecute. See, Fed. R. Civ. P. 41(b). That deadline has now passed. In lieu of a response, Petitioner has submitted a motion for the Court to show cause why exhaustion of administrative remedies is necessary in this case. (See, Mot. for a Procedural Response [Docket No. 5]).

The lack of a substantive response from Petitioner is reason enough to recommend dismissal of this action consistent with this Court's prior Order. See, Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the

Federal Rules of Civil Procedure or any court order."). But leaving that aside, each of the rationales for potential dismissal offered by this Court in its April 26, 2021, Order remains a viable alternative basis for dismissal.

Although no exhaustion requirement is found in the text of 28 U.S.C. § 2241, habeas petitioners seeking relief under that provision have long been required to exhaust administrative remedies before proceeding in federal court. See, Whentworth v. Fisher, No. 10-cv-2270 (JNE/JSM), 2011 WL 5077612, at *4 (D. Minn. Oct. 7, 2011). By all indications, Petitioner has not presented his claims administratively, and he offers no good reason why he has failed to do so.[2] Thus, this failure to exhaust administrative remedies represents an alternative basis to deny the present Petition.

Moreover, as explained in this Court's prior Order, the statutory provision by which Petitioner is seeking relief in his habeas petition does not appear to apply to him. Thus, even if this Court were to excuse the requirement that Petitioner first exhaust his administrative remedies, he still would not now be entitled to habeas relief.

Accordingly, it is recommended that the habeas Petition be denied without prejudice and this matter dismissed pursuant to Rule 4. This recommendation of dismissal renders moot both Petitioner's application to proceed in forma pauperis and his "Motion for a Procedural Response." Thus, it is further recommended that Petitioner's application to proceed in forma pauperis be denied as moot in light of the recommendation of dismissal of this action. See, Kruger v. Erickson,

---

[2] Petitioner cryptically cites D.C. Code § 24-403.04 in his non-responsive "Motion for a Procedural Response." (See, Mot. [Docket No. 4]). This provision concerns motions for modification of a sentence on compassionate grounds and appears unrelated to the claim for relief presented in the habeas petition itself. In any event, § 24-403.04 functions as an analogue to 18 U.S.C. § 3582(c), and relief under the D.C. provision must, like its federal-law counterpart, be sought in the court that imposed the sentence.

77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). It is additionally recommended that Petitioner's "Motion for a Procedural Response" be denied as moot.[3]

Therefore, based on the foregoing, and on all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a Writ of Habeas Corpus of Petitioner Kelvin J. Miles, [Docket No. 1], be **DENIED without prejudice**;

2. This matter be **DISMISSED**;

3. Petitioner's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**; and

4. Petitioner's "Motion for a Procedural Response," [Docket No. 5], be **DENIED as moot**.

Dated: June 2, 2021                     s/Leo I. Brisbois
                                        Hon. Leo I. Brisbois
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[3] In addition to being moot, Petitioner's "Motion for a Procedural Response," [Docket No. 5], is wholly without merit. See, e.g., Whentworth v. Fisher, No. 10-cv-2270 (JNE/JSM), 2011 WL 5077612, at *4 (D. Minn. Oct. 7, 2011).